UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HARRY MICHAEL SCHMITT**

    Plaintiff,

v.                                                   Case No.: 8:09-CV-943-T-27EAJ

**UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT**,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Application to Proceed in District Court Without Prepayment of Fees of Costs** (Dkt. 13). On May 22, 2009, Plaintiff filed a 193-page complaint challenging Defendant's denial of his request to amend his personnel file (Dkt. 1). The court dismissed Plaintiff's complaint on June 10, 2009, for failure to comply with Rule 8, Fed. R. Civ. P., but allowed Plaintiff an opportunity to amend his complaint (Dkt. 4). Plaintiff filed an amended complaint (Dkt. 7), which the court again determined violated Rule 8, Fed. R. Civ. P. (see Dkt. 9). The court dismissed Plaintiff's amended complaint on July 8, 2009 (Id.). On September 15, 2009, Plaintiff filed a notice of appeal (Dkt. 12) and the instant motion (Dkt. 13).[1]

Section 1915 of 28 U.S.C. and Rule 24, Fed. R. App. P., govern the determination of applications to appeal in forma pauperis. Under Rule 24(a)(1), Fed. R. App. P., a party to a district court action who seeks to appeal in forma pauperis must file a motion and an affidavit in the district court that details the party's inability to pay or to give security for fees and costs, claims an

---

[1] Although Plaintiff states that he is seeking to proceed in forma pauperis in his district court action, the court construes Plaintiff's filing as a request to appeal in forma pauperis.

entitlement to redress, and states the legal issues on appeal.[2] If a party fails to state the legal issues to be raised on appeal, permission to appeal in forma pauperis should be denied. See, e.g., Falu v. Potter, No. 08-0059-WS-C, 2008 WL 2949549, at *2-3 (S.D. Ala. July 30, 2008); Ruther v. Kochaniec, No. 6:04-CV-1366-ORL-19-JGG, 2005 WL 1226975, at *4 (M.D. Fla. May 3, 2005).

Pursuant to 28 U.S.C. § 1915(e)(2)(A), a plaintiff's case must be dismissed if the court determines that plaintiff's allegations of poverty are untrue. To qualify for indigent status, the affidavit "need not show that the litigant is 'absolutely destitute.'" Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 338-40 (1948)). It suffices if the affidavit shows "the litigant cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and his dependents with the necessities of life." Adkins, 335 U.S. at 339. The court has "wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915." Martinez, 364 F.3d at 1306 (citation omitted).

Good faith is also a necessary requirement to appeal in forma pauperis. 28 U.S.C. § 1915(a)(3). Good faith is demonstrated where an appeal "seeks appellate review of any issue not frivolous." Coppedge v. United States, 369 U.S. 438, 445 (1962). Whether an issue is frivolous turns on the existence of "a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (internal quotation marks and citation omitted). Where a trial court certifies in writing that an appeal is not taken in good faith, the appeal may not be taken in forma pauperis. 28 U.S.C. § 1915(a)(3); see, e.g., Slater v. United States Dep't of Veteran Affairs, No. 6:08-CV-160-ORL-

---

[2] A party permitted to proceed in forma pauperis in the district court action, however, may proceed on appeal in forma pauperis without further authorization. Fed. R. App. P. 24(a)(3).

2

22GKJ, 2008 WL 2117152, at *3 (M.D. Fla. May 19, 2008).

In this case, Plaintiff's allegations of poverty are not supported by the record. Plaintiff attests to a monthly income of $1,992.02, a house valued at $171,600.00, other real estate valued at $8,000.00, a beneficiary IRA account valued at $55,754.69, two cars worth a combined $15,000.00, and $1,750.00 in "other assets." (Dkt. 13 at 1-3). Plaintiff states that his monthly liabilities are $3,162.55 (Id. at 5). The court finds that Plaintiff has sufficient assets to pay the filing fee.

Moreover, Plaintiff fails to identify the legal issues he seeks to appeal. His notice of appeal states simply that he appeals the order dismissing his case (Dkt. 12). The court dismissed Plaintiff's case because the initial complaint did not comply with Rule 8, Fed. R. Civ. P., which requires a "short and plain statement" of the claims showing Plaintiff is entitled to relief (see Dkt. 4). Plaintiff's amended complaint suffered from the same defects (Dkt. 7). Plaintiff's failure to identify any good faith issue to be addressed on appeal warrants denial of permission to proceed in forma pauperis. See, e.g., Thomas v. Hernando County Hous. Auth., No. 8:07-CV-1902-T-33EAJ, 2009 WL 62883, at *1 (M.D. Fla. Jan. 8, 2009) (denying permission to proceed in forma pauperis where petitioner failed "to identify any issues whatsoever to be addressed on appeal").

Further, as the court noted in its order dismissing Plaintiff's amended complaint, this case is very similar to one Plaintiff previously filed in the Orlando Division of the United States District Court for the Middle District of Florida, Case No. 6:07-cv-1650-GAP-GJK. That case was dismissed for failure to state a claim (see Case No. 6:07-cv-1650-GAP-GJK, Dkt. 17). The District Judge in that case also denied Plaintiff's request to appeal in forma pauperis for reasons similar to the ones stated here (Id. at Dkt. 22). Thus, Plaintiff cannot identify a non-frivolous issue that might

3

satisfy Rule 24(a)(1) or the good faith standard in 28 U.S.C. § 1915(a)(3). Because Plaintiff's motion to appeal in forma pauperis is not taken in good faith, it should be denied. See Slater, 2008 WL 2117152, at *3.

Accordingly and upon consideration, it is **RECOMMENDED** that Plaintiff's **Application to Proceed in District Court Without Prepayment of Fees of Costs** (Dkt. 13) be **DENIED**.

Dated: September 25 , 2009

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attaching the factual findings on appeal. See 28 U.S.C. 636(b)(1).